# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ARIANA NEWMAN,**

**Plaintiff,**  Case No.:

v.

**COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,**
A Foreign Limited
Liability Company,

**Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff ARIANA NEWMAN (hereinafter referred as "NEWMAN" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC (hereinafter referred as "COMCAST" or "Defendant"), pursuant to the Family Medical Leave Act ("FMLA") and the Americans with Disabilities Act, 42 U.S.C. §12101, as amended by the ADA Amendments Act of 2008 ("ADAAA"), and in support of states as follows:

## NATURE OF CASE

The Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, et seq., is a United States federal law requiring covered employers to provide

employees job-protected and unpaid leave for qualified medical and family reasons. The FMLA was intended to balance the demands of the workplace with the needs of families. Defendant violated the FMLA by interfering and retaliating against Plaintiff for engaging in her FMLA rights. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to be pled), and attorneys' fees and costs.

The ADAAA provides, in pertinent part, as follows:

(a) General Rule. No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

(b) Construction. A used in subsection (a) of this section, the term "discriminate against a qualified individual on the basis of disability" includes –

(5) (A) not making reasonable accommodations to the known physical or mental of an otherwise qualified individuals with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity; or

(B) denying employment opportunities to a job applicant or

employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant; . . .

42 U.S.C. § 12112(a)-(b).

## PARTIES

1. NEWMAN was hired by COMCAST in June 2020.

2. NEWMAN is protected by the ADAAA because she was scheduled to have surgery that would have required recovery time:

   a. Was suffering "a physical or mental impairment that substantially limits one or more [of his] major life activities," as envisioned by 42 U.S.C. § 12102 (1)(A);

   b. Had "a record of such an impairment" because of her required medical leave, as envisioned by 42 U.S.C. § 12101(1)(B); or

   c. Was "regarded as having such an impairment," as envisioned by 42 U.S.C. § 12101(1)(C).

3. COMCAST is a cable television company that operates throughout Florida.

4. NEWMAN was employed as a Retention Agent for COMCAST.

5. By the very nature of its work, COMCAST is a corporation that is engaged in commerce.

6. COMCAST is engaged in an industry affecting commerce.

7. COMCAST employs more than fifty (50) employees.

8. COMCAST employs more than fifty (50) employees within 75 miles of its Orlando, Florida location.

9. Plaintiff is an "employee" as defined by the FMLA.

10. COMCAST is an "employer" as defined by the FMLA.

11. At all times material, NEWMAN was an "employee" of COMCAST as defined by 42 U.S.C. § 1211(4) and a "qualified individual" as defined by 42 U.S.C. § 1211(8).

12. At all times material, COMCAST was an "employer" as defined by 42 U.S.C. § 12111(5)(a) as well as a "covered entity" as defined by 42 U.S.C. § 12111(2).

## JURISDICTION & VENUE

13. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

14. This claim arises under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391. The events giving rise to this action occurred within this District.

15. Plaintiff worked for COMCAST in Orange County, Florida.

16. COMCAST conducts business in Orange County, Florida.

17. Venue is proper in the Orlando Division of the Middle District of Florida pursuant to Local Rule 1.02(b)(2).

## SATISFACTION OF CONDITIONS PRECEDENT

18. On or about November 5, 2021, NEWMAN timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination and failure to accommodate in violation of the American with Disabilities Act (ADA).

19. Her Charge of Discrimination was assigned number 510-2022-00725.

20. The EEOC, on or about June 21, 2022, issued to NEWMAN a Dismissal and Notice of Rights as to the Charge of Discrimination.

21. This action is being commenced within 90 days of NEWMAN's receipt of the Dismissal and Notice of Rights.

## STATEMENT OF FACTS

22. NEWMAN was hired by Comcast in June 2020.

23. NEWMAN has had no legitimate discipline in her record since her employment began.

24. On June 9, 2021, NEWMAN requested time off to recover from surgery to repair a hernia.

25. By the time the surgery was scheduled in July 2021, NEWMAN would have been eligible for FMLA leave.

26. Instead of working with NEWMAN or granting her the FMLA leave she was eligible for, Comcast began to apply extra scrutiny to her work.

27. For example, NEWMAN was placed on a 60-day unpaid administrative leave starting June 15, 2021 for alleged computer issues.

28. NEWMAN was told that she could apply for other jobs within the Company,

29. NEWMAN was not able to secure other employment with COMCAST.

30. NEWMAN was ultimately terminated on August 14, 2021.

31. The alleged reason for Plaintiff's termination was that she was having too many performance and technology issues.

32. Defendant's reason for Plaintiff's termination was false and a pretext for discrimination and retaliation.

33. Defendant was aware of Plaintiff's serious health condition and Plaintiff's intent to use FMLA following her surgery.

34. Defendant was also aware of Plaintiff's disabling condition and her need for an accommodation.

**COUNT I - INTERFERENCE UNDER THE FMLA**

35. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 33 above as if fully set forth herein.

36. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

37. COMCAST was Plaintiff's employer as defined by the FMLA.

38. COMCAST's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

39. As a direct, natural, proximate and foreseeable result of the actions of COMCAST, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

40. Plaintiff has no plain, adequate or complete remedy at law for the actions of COMCAST, which have caused and continue to cause irreparable harm.

41. COMCAST's violations of the FMLA were willful.

42. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

        **WHEREFORE,** Plaintiff respectfully requests entry of:

           i.    judgment in her favor and against COMCAST for their interference with her rights under the FMLA;

    ii.    judgment in her favor and against COMCAST for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of COMCAST's conduct;

    iii.    judgment in his favor and against COMCAST for her reasonable attorneys' fees and litigation expenses;

    iv.    judgment in her favor and against COMCAST for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    v.    declaratory judgment that COMCAST's practices toward Plaintiff violate her rights under the FMLA; and

    vi.    an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## **COUNT II - RETALIATION UNDER THE FMLA**

43. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 33 above as if fully set forth herein.

44. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

45. COMCAST was Plaintiff's employer as defined by the FMLA.

46. COMCAST discriminated and/or retaliated against Plaintiff because COMCAST knew she was eligible for leave under the FMLA.

47. COMCAST discriminated and/or retaliated against Plaintiff because Plaintiff attempted to exercise her rights under the FMLA.

48. COMCAST had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

49. COMCAST'S acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

50. COMCAST'S discriminatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

51. COMCAST'S conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

52. As a direct, natural, proximate and foreseeable result of the actions of COMCAST, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

53. Plaintiff has no plain, adequate or complete remedy at law for the actions of COMCAST, which have caused and continue to cause irreparable harm.

54. COMCAST'S violations of the FMLA were willful.

55. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

a. judgment in his favor and against COMCAST for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

b. judgment in her favor and against COMCAST for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of COMCAST'S conduct;

c. judgment in her favor and against COMCAST for her reasonable attorneys' fees and litigation expenses;

d. judgment in her favor and against COMCAST for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e. declaratory judgment that COMCAST'S practices toward Plaintiff violate her rights under the FMLA; and

f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT III
## DISABILITY/PERCEIVED DISABILITY DISCRIMINATION

56. NEWMAN realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 32, and 34 above.

57. NEWMAN's medical conditions and restrictions were a motivating cause of COMCAST's discriminatory behavior towards NEWMAN, and thus, constituted disability and/or perceived disability discrimination as proscribed by the ADAAA.

58. COMCAST's conduct, including but not limited to its refusal even to interview NEWMAN for any of the open positions for which she had applied and was qualified or to engage in any dialogue regarding making a reasonable accommodation, discriminated against NEWMAN with respect to the compensation, terms, conditions, or privileges of employment because of NEWMAN's disability and/or perceived disability.

59. As a natural, proximate and foreseeable result of the actions of COMCAST, NEWMAN has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

60. The conduct of COMCAST's management was in such reckless disregard of NEWMAN's federal statutory rights against disability discrimination as to entitled NEWMAN to recover an award of punitive damages to punish COMCAST and to deter it and others from such conduct in the future.

61. The disability discrimination NEWMAN suffered, in violation of her federal statutory right to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

62. NEWMAN is entitled to recover reasonable attorneys' fees and litigation expenses against COMCAST.

WHEREFORE Plaintiff respectfully requests that the Court enter a judgment:

a. Permanently enjoining Defendant COMCAST, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to NEWMAN;

b. Awarding judgment against COMCAST for the back pay and benefits to which NEWMAN would have been entitled but for COMCAST's discriminatory acts;

c. Awarding judgment against COMCAST for compensatory damages;

d. Awarding judgment against COMCAST for punitive damages;

e. Enjoining COMCAST to reinstate NEWMAN to a job comparable to the one from which she was terminated, or, if that is not feasible as a make-whole remedy, granting her front pay;

f. Awarding NEWMAN her costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

g. Awarding NEWMAN equitable relief in the form of an additional set-off for any negative tax consequences incurred by NEWMAN as the result of

any damage award entered in her favor in this action; and

    h.    Granting such other and further relief as the Court deems just.

## COUNT IV
## RETALIATION IN VIOLATION OF THE ADAAA

63. NEWMAN realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 32 and 34 above.

64. NEWMAN requested a reasonable accommodation for her disability/perceived disability. This constituted protected activity under the ADAAA.

65. NEWMAN was placed on unpaid leave instead of granting her leave that she was eligible for the above accommodation.

66. Upon information and belief, COMCAST's conduct, including but not limited to its refusal even to interview NEWMAN for and open position for which she had applied or to engage in any dialogue regarding making a reasonable accommodation, and resulting termination of NEWMAN's employment, was, in whole or in part, motivated by NEWMAN's request for accommodation.

67. As a natural, proximate and foreseeable result of COMCAST's actions, NEWMAN has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other

intangible injuries.

68. The conduct of COMCAST's management was in such reckless disregard of NEWMAN's federal statutory rights against retaliation as to entitle NEWMAN to recover an award of punitive damages to punish COMCAST and to deter it and others from such conduct in the future.

69. The retaliation NEWMAN suffered, in violation of her federal statutory right to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

70. NEWMAN is entitled to recover reasonable attorneys' fees and litigation expenses against COMCAST.

WHEREFORE Plaintiff respectfully requests that the Court enter a judgment:

    a. Permanently enjoining Defendant COMCAST, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to NEWMAN;

    b. Awarding judgment against COMCAST for the back pay and benefits to which NEWMAN would have been entitled but for COMCAST's retaliatory acts;

    c. Awarding judgment against COMCAST for compensatory

damages;

  d. Awarding judgment against COMCAST for punitive damages;

  e. Enjoining COMCAST to reinstate NEWMAN to a job comparable to the one from which she was terminated, or, if that is not feasible as a make-whole remedy, granting her front pay;

  f. Awarding NEWMAN her costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

  g. Awarding NEWMAN equitable relief in the form of an additional set-off for any negative tax consequences incurred by NEWMAN as the result of any damage award entered in her favor in this action; and

  h. Granting such other and further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted this __19th__ day of September, 2022.

      s/ Edward W. Wimp
      Edward W. Wimp, Esquire – LEAD COUNSEL
      FBN: 1015586
      Email: ewimp@theleachfirm.com
      Direct: 407-574-6339

Anthony J. Hall, Esquire
FBN: 0040924
Email: ahall@theleachfirm.com

THE LEACH FIRM, P.A.
631 S. Orlando Ave., Suite 300
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7513

Attorneys for Plaintiff